the officer, notice of the application must be given to the indemnitors or their attorney, and also to the attorney for the plaintiff."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. H. V. Arnold,* for appellant.　　*W. F. Severance,* for respondent.

PER CURIAM. The condition upon which applications of this kind may be granted is that, where the application is made by the officer, notice thereof must be given to the indemnitor or his attorney, and also to the attorney for the plaintiff. In this case no notice whatever was given to the indemnitors, and the only service was upon the attorney for the plaintiff, who it is said acted for the indemnitors in and about giving the indemnity. It is clear that this notice was entirely insufficient, as the attorney in procuring the indemnity was acting for the plaintiff, and in no manner represented the interest of the indemnitors. The language of the Code is explicit that notice must be given to the indemnitors or their attorney, and also to the attorney for the plaintiff. The point that this objection was not taken below cannot avail, because, without proof of such notice, the court never acquired jurisdiction. The order appealed from should be reversed, with $10 costs and disbursements.

All concur.

---

McCALLUM *et al. v.* GRANT, Sheriff.

(*Supreme Court, General Term, First Department.　June 6, 1890.*)

Appeal from special term, New York county.

Action by James McCallum and another against Hugh J. Grant, sheriff of the city and county of New York, to recover damages for the wrongful sale and conversion of plaintiffs' goods, under execution against a third party. Plaintiffs appeal from an order substituting defendant's indemnitors as parties defendant in his stead.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. H. V. Arnold,* for appellants.　*W. F. Severance,* for respondent.

PER CURIAM. For the reasons stated in the case of *Hero Fruit-Jar Co.* v. *Grant, ante,* 28, (decided herewith,) the order should be reversed, with $10 costs and disbursements.

---

TAYLOR *v.* SMITH *et al.*

(*Supreme Court, General Term, First Department.　June 6, 1890.*)

1. VENUE IN CIVIL CASES—RIGHT TO CHANGE.

A defendant has no absolute right to an order changing the place of trial to the proper county, where he has failed to make his motion within the time required by Code Civil Proc. N. Y. § 986.

2. SAME—FRIVOLOUS DEFENSE.

The power given to the court under Code Civil Proc. N. Y. § 987, to change the place of trial to the proper county at any time, should not be exercised where the attempted defense seems to have been put in for the mere purpose of delay.

Appeal from special term, New York county.

Action by James E. Taylor against Andrew K. Smith and others, on a promissory note. Defendants appeal from an order denying their motion to change the place of trial. For former litigation, see 8 N. Y. Supp. 519. Code Civil Proc. N. Y. § 986, provides: "Where the defendant demands that the action be tried in the proper county, his attorney must serve upon the plaintiff's attorney, with the answer, or before service of the answer, a written demand accordingly." Section 987 declares that the "court may, by order, change the place of trial in either of the following cases: Where the county designated for that purpose in the complaint is not the proper county," etc.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. R. Dodge,* for appellants.　*Clark Bell,* for respondent.

VAN BRUNT, P. J. This action was commenced by the service of a summons and complaint in September, 1889, the place of trial being named as the